**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FOURTH CIRCUIT**

| | | |
|---|---|---|
| **ANDREW FIELDS, III,** **Appellant** | ) | |
| **v.** | ) | **Case No. 23-6246** |
| **BUREAU OF PRISONS et al.,** **Appellee.** | ) | |

**MOTION FOR LEAVE TO FILE FORMAL BRIEF AFTER RETAINING PRO BONO COUNSEL**

Andrew Fields, III, the Appellant, hereby moves this Court for leave to file a formal opening brief to supplement an informal brief filed on March 27, 2023. Since filing his informal opening brief *pro se*, Mr. Fields has retained *pro bono* counsel with expertise in the subject matter of his appeal. As explained more fully below, the Court should grant Mr. Brown's motion because (1) Mr. Brown's recent retention of counsel was not due to any error or neglect and (2) a formal opening brief is likely to significantly assist the Court in adjudicating the issues of first impression presented in this case.

## BACKGROUND

On January 19, 2022, Mr. Fields, acting *pro se*, filed a civil rights action arising out of his treatment at the United States Penitentiary Lee,

located in Pennington Gap, Virginia. In his complaint, Mr. Brown alleged several acts of mistreatment that violated five of his constitutional rights: (1) the right to medical care for serious medical needs, (2) the right to be free from unlawful seizures of property, (3) the right to be free from interference with his access to courts, (4) the right to be free from retaliation for exercising his constitutional right to free expression, and (5) the right to be free from excessive force.

The District Court prescreened Mr. Fields' allegations pursuant to 28 U.S.C. § 1915A(a) and dismissed all claims. *See Fields v. Federal Bureau of Prisons*, 2023 WL 1219334 (W.D. Va. Jan. 31, 2023). The District Court concluded that the allegations supporting the first three claims (medical care, seizure of property and access to courts) did not state a violation of his constitutional rights. *Id*. at 2-3. With regard to the retaliation and excessive force claims, the Court held that Mr. Fields lacked a right of action under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971) and its progeny. In particular, the Court held that both claims arose in a "new context" that "special factors" counseled against recognizing the right of action. *Id*. at 3-6.

Mr. Fields timely filed a notice of appeal on February 13, 2023. On March 27, 2023, still acting without counsel, Mr. Brown filed an informal

opening brief in this Court. As the Court knows, a brief opposing an informal brief need not be filed, and no such brief has yet been filed.

The undersigned counsel first learned of Mr. Fields' appeal on May 5, 2023, while researching legal issues implicated by his case. Counsel sent Mr. Fields a letter on May 6 seeking a phone consultation to discuss their potential of him on appeal. This letter apparently prompted Mr. Fields to file a motion on May 23 seeking the suspension of proceedings and the withdraw of his informal opening brief. ECF 9 & 10 (docketed on May 30, 2023). On May 25, Rolonda Tolbert, an employee of USP Pollack (where Mr. Fields is now located), contacted Counsel to arrange a phone call with Mr. Fields on May 30, 2023. Based on that call, Counsel sent Mr. Fields an engagement letter on May 31 offering to represent Mr. Fields on appeal *pro bono*. Counsel received that letter back on June 26.

On June 28, Counsel contacted the U.S. Attorney's Office for the Western District of Virginia to ask for consent to the relief sought by this Motion. A paralegal for the U.S. Attorney's Office was unable to find a record of Fields' appeal and did not know of any attorney assigned to the case. The paralegal stated that an attorney with the U.S. Attorney's Office would contact Counsel as soon as possible to address the matter. Counsel has not yet been contacted by anyone from the U.S. Attorney's Office.

## ARGUMENT

The Court should grant Mr. Fields' motion because such relief is contemplated by Local Rule 34(b), is not due to any error or neglect, and would materially advance the Court's resolution of the difficult issues presented by this appeal.

### A. Local Rule 34(b) Contemplates the Relief Sought Here.

Acting under Local Rule 34(b), the Clerk of the Court ordered Mr. Fields to file an informal brief in his case, which Mr. Fields did. Rule 34(b) contemplates, however, that a formal brief may be filed to supplement an informal brief. In particular, the rule states that, after an "informal briefing schedule has been established the parties may file a formal brief only with the permission of the Court." This provision makes clear that, in an appropriate case, an informal brief previously filed with the Court may be replaced or supplemented with a formal brief. Thus, providing Mr. Fields with the opportunity to file a formal brief is within this Court's power. Indeed, it is a power that the Court has exercised before. *See United States v. James,* No. 20-7895, 2022 WL 6671615, at *1 (4th Cir. Oct. 11, 2022) ("Following a review of James' informal brief, we appointed counsel and issued a formal briefing order."); *Banks v. Gore*, 738 F. App'x 766, 768 (4th

Cir. 2018) ("On appeal, Banks filed an informal brief pursuant to Local Rule 34(b) . . . . We then appointed counsel to file a formal brief.")

### B. Mr. Fields' Motion Is Not Due to Error or Neglect

Mr. Fields' Motion is not the result of any error or neglect, whether by himself or his Counsel.

First, Mr. Fields himself did not engage in any error or neglect. Mr. Fields timely filed his notice of appeal and, after a reminder from the Clerk to file an informal brief, filed his informal brief on March 27, 2023. ECF 7. Shortly after receiving a letter from Counsel seeking to discuss their potential representation of him,[1] Mr. Fields promptly asked this Court to suspend the proceedings and allow so that he might be represented by counsel. ECF 9 & 10 (docketed on May 30, 2023). After receiving an engagement letter from Counsel, Mr. Fields promptly returned that letter to Counsel. Thus, Mr. Fields has not demonstrated any lack of care or neglect.

Second, the instant motion is not due to error or neglect by Mr. Fields' Counsel. Within one day of becoming aware of Mr. Fields' pending appeal, Counsel sent Mr. Fields a letter on May 1, 2023, seeking to speak with him about his case. After receiving contact from a representative at USP Pollack

[1] The date when Mr. Fields received this letter is unclear, but based on communications from USP Pollack to Counsel, it was likely between May 20 and May 25, 2023.

on May 25, 2023, Counsel made themselves available for a phone call with Mr. Fields on the earliest available date, which turned out to be May 30, 2023. One day after this call, Counsel sent Mr. Fields an engagement letter and, within one day of receiving the executed letter from Mr. Fields, drafted this Motion and filed it with the Court. This timeline demonstrates that Counsel have been diligent in their actions. At every juncture, Counsel acted promptly (usually within a single business day) and with due regard for the Court's and opposing counsel's interests.[2]

### C. Formal Briefing Would Materially Assist the Court in Resolving This Difficult Issue of First Impression

Mr. Fields' appeal presents a difficult issue of first impression in this Circuit, namely whether an incarcerated person subject to excessive force may pursue a damages remedy against a federal officer.

Since the Supreme Court's decision in *Egbert v. Boule*, 142 S. Ct. 1793 (2022), courts have considered whether previously routine claims—like Mr. Fields' excessive force claim in this case—may be pursued through an implied right of action. Regarding claims arising from incarceration, the Fourth Circuit appears to have addressed the issue on three different occasions: *Nellson v. Doe*, No. 21-6206, 2023 WL 3336689 (4th Cir. May

[2] As noted above, Counsel attempted to obtain the consent of opposing counsel before filing this Motion. As of the time of filing, the U.S. Attorney's Office had not yet assigned an attorney to this matter.

10, 2023) (denial of medical care), *Bulger v. Hurwitz*, 62 F.4th 127 (4th Cir. 2023) (failure to protect in prison context), and *Tate v. Harmon*, 54 F.4th 839, 841–42 (4th Cir. 2022) (conditions of confinement). On each of these occasions, all parties were ably represented by counsel and the Court was able to issue an informed opinion.

Beyond these decided cases, *Washington v. Federal Bureau of Prisons,* 23-6211, is currently pending before this Court. The issue in that case is whether a *Bivens* claim lies for a denial of medical care, an issue addressed by an unpublished opinion in *Nellson v. Doe*, No. 21-6206, 2023 WL 3336689 (4th Cir. May 10, 2023). As in the instant case, the appeal in *Washington* was initially filed pro se. To assist it in resolving the important issue in the case, the Court appointed counsel for the appellant. *See Nellson*, ECF 5.

This Court has yet to address the issue of whether a person subject to excessive force in a federal prison may pursue a damages action. Fields' appeal squarely presents this issue and significant research has not uncovered any other currently pending Fourth Circuit appeal presenting this issue.

The undersigned Counsel are attorneys with significant experience in civil rights litigation. Collectively, they have litigated numerous actions

involving the rights of incarcerated persons, including appeals to federal Circuit Courts and the United States Supreme Court on the specific issue presented here—whether a *Bivens* action should be recognized on behalf of a person housed in a federal prison. They are thus well positioned to provide the Court with helpful briefing in this case.

**RELIEF REQUESTED**

For the foregoing reasons, Mr. Fields respectfully requests that this Court grant his motion to file a formal brief supplementing the arguments made in Mr. Fields' informal brief. Further, because counsel for the Appellees has not yet been appointed (indeed, the U.S. Attorney's Office was was unable to locate a record of the appeal during a recent phone call), Counsel respectfully requests that the Court permit the attorneys involved in this case to confer and propose a briefing schedule to the Court by August 7, 2023.

Respectfully Submitted,

/s/

John F. Preis
Professor of Law
Univ. of Richmond School of Law
203 Richmond Way
Richmond, VA 23173
Telephone: (804) 289-8682
jpreis@richmond.edu

/s/

Daniel Zemel
The Krudys Law Firm, PLC
Suite 2020
919 East Main St.
Richmond, VA 23219
Telephone: 412-720-0404
dzemel@krudys.com

*Counsel for Andrew Fields, III*
*Appellant*

July 3, 2023

**Certificate of Service**

I hereby certify that on this 3rd day of July 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will then send notification of such filing (NEF) to all counsel of record.

Respectfully Submitted,

/s/

John F. Preis
Professor of Law
203 Richmond Way
Richmond, VA 23173
Telephone: (804) 289-8682
jpreis@richmond.edu